# Tripp, Appellant, *v.* Borough of Renovo.

*Negligence—Municipalities—Icy streets—Pleading and proof—Allegata and probata—Variance.*

In an action against a municipality for personal injuries caused by a fall on an icy street, the evidence established that the plaintiff was walking along the street in question before daylight on a cold winter morning. The street was cut along a hillside and the water-main of the defendant was buried in a ditch on the upper side of the street. This main had broken a considerable time before the accident and the borough, after notice, had failed either to find the exact location of the leak or to repair it. The plaintiff was walking in the middle of the street and moving carefully because he knew there was danger of falling on the ridges and hummocks of ice resulting from the constant freezing of the water coming

from the broken main and flowing over the sidewalk on the upper side of the street and the roadway of the street itself. The plaintiff walked in the middle of the street because in his judgment it was less dangerous than the sidewalk above. While standing aside to permit a vehicle to pass he slipped on the ice and was seriously injured.

*Held,* that the case was for the jury and a verdict for the plaintiff will be sustained.

In such case, there was no material variance between the pleadings and the proof, where the plaintiff's statement alleged that the ice had accumulated on the street in large ridges and hummocks which, after notice, the municipality had failed to remove and that the plaintiff while passing along the road in question, to avoid a passing sleigh, stepped to the side of the road on ice that was smooth and slippery and fell and received the injury complained of.

Argued October 25, 1920. Appeal, No. 45, Oct. T., 1920, by plaintiff, from judgment of C. P. Clinton County, Oct. T., 1918, No. 69, in favor of the defendant non obstante veredicto, in the case of Lionel S. Tripp v. Borough of Renovo. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries sustained in a fall on an icy street. Before HECK, P. J., 55th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff for $500. Subsequently the court, on motion, entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Sidney D. Furst,* for appellant.—The case was for the jury and the learned court erred in entering judgment non obstante veredicto: Wertz v. Williamsport, 67 Pa. Superior Ct. 157; Ackley v. Bradford Township, 32 Pa. Superior Ct. 487; Cameron v. Citizens Traction Co., 216 Pa. 191; Manross v. Oil City, 178 Pa. 276; Decker

v. Scranton City, 151 Pa. 241; Brewer v. Sullivan County, 199 Pa. 594; Marfilues v. Phila. & Reading R. R. Co., 227 Pa. 281; Miller v. Clearfield Borough, 66 Pa. Superior Ct. 394.

*Henry Hipple*, of *McCormick & Hipple*, and with him *H. S. Furst*, for appellee, cited: McLaughlin v. City of Corry, 77 Pa. 109; Borough of Mauch Chunk v. Kline, 100 Pa. 119; Garland v. Wilkes-Barre, 212 Pa. 151; Ingram v. Phila., 35 Pa. Superior Ct. 305; Camp v. Allegheny County, 263 Pa. 282; Chambers v. Braddock Boro., 34 Pa. Superior Ct. 407; Monongahela City v. Fischer, 111 Pa. 9; Baran v. Reading Iron Company, 202 Pa. 274; Matteson v. N. Y. Cent., etc., R. R. Co., 218 Pa. 527.

OPINION BY HEAD, J., March 5, 1921:

In this action of trespass the plaintiff sought to recover damages for serious personal injuries occasioned by a fall on a street of the defendant borough, the alleged cause of the fall being an accumulation of ice on the street, which the defendant negligently permitted to remain for a long period of time after notice. The trial resulted in a verdict for the plaintiff, but the court thereafter entered a judgment in favor of the defendant notwithstanding the verdict, and the plaintiff appeals. Our inquiry, therefore, is to ascertain whether or not the court correctly applied the plain legal principles controlling such cases to the evidence offered by the plaintiff, giving to that evidence every reasonable construction favorable to him which his verdict entitled him to have.

The following facts clearly appear and for the purposes of this appeal may be regarded as established: The plaintiff was walking along the street in question, before daylight, on a cold winter morning, following a long period of very severe weather. The street was cut along a hillside. The water main of the defendant bor-

ough was buried in the ditch or water table on the upper side of the street. This pipe had been broken a considerable time before the accident, and the borough after notice had failed either to find the exact location of the leak or to repair it, or perhaps both. The plaintiff was walking in the middle of the street. He was moving carefully because he knew there was danger of falling on the ridges and hummocks of ice resulting from the constant freezing of the water coming from the broken main and flowing over the sidewalk on the upper side of the street and the roadway of the street itself. The sharply shod feet of horses had cut and to some extent roughened the ice surface in the middle of the street, and thus in the judgment of the plaintiff, and of pedestrians generally, made that portion of the highway less dangerous than the sidewalk above.

The plaintiff had just passed under an arc light, and consequently was stepping into his own shadow, when he heard a horse and sleigh approaching from behind. He undertook to step aside to permit the vehicle to pass and in doing so, slipped on the ice and was seriously injured by his fall.

Upon this state of facts we think there was warrant for the following assertion in the brief of counsel for appellant, namely, "The jury has found and the court below has refused to disturb the findings (1) that the borough had sufficient notice of the character and quantity of the ice which had accumulated on the roadbed; (2) that in view of the quantity and character of said ice, the borough was negligent in not removing the same or rendering it harmless; (3) that the plaintiff was not guilty of contributory negligence, and (4) that plaintiff was thereby injured."

How then does the learned court below justify the judgment he entered? His opinion thus answers: "The gravamen of the statement lies in the averment of 'ice accumulated on and prior to February 4, 1918, in large ridges and hummocks on the roadbed.' The proof to

meet this allegation is that on the morning of February 4, 1918, the plaintiff, while passing along the road in question, to avoid a passing sleigh stepped to the side of the road on ice that was smooth and slippery and covered by a light skiff of snow and fell, receiving the injury complained of. Does the proof of these facts establish the allegation in the statement as above quoted? If it does not, then the defendant was required to answer a set of facts of which he had no notice in the pleadings and the defendant's motion should be allowed."

We are all of opinion the learned court below, in reaching the conclusion indicated by the above quoted statement, must have misapprehended the significance of the plaintiff's testimony as a whole and constructed his theory probably upon some single expression let fall by him in the course of the delivery of his evidence. In such a case it is safer for the appellate court to rely on the exact language of the witness rather than attempt to paraphrase it or discuss it in narrative form. Omitting the questions propounded and condensing as much as possible the answers, the plaintiff gives this version of the accident: "I was traveling where the horses would walk. I did step out of that portion (the road) when I fell......I heard a noise and I stopped and looked around and there was a horse and cutter coming between me and the light......I stopped (in my tracks), then I stepped to the south side. I took about two steps, I think, I am not sure, about two steps, then I fell. I took them as cautious as I could. I did not want to fall there. I did not know the condition at that particular place but I knew there had been ice accumulating there right along. It had run out at different places and that night it snowed a little bit, and there was a little snow on it. I think they (the horses) were just about passing; no, I fell just before they got to me and they passed me while I laid there. They didn't stop......There had

been ice right along there, but I didn't know the water had run out that night and froze like it had.    Little bit of snow on it anyhow."

In various forms, both on examination and cross-examination, the plaintiff substantially repeated this version of the circumstances and conditions immediately at the point and the time of the accident.    We are of opinion they substantially supported the averment in his statement of claim and we are unable to see how the defendant could successfully predicate upon such testimony the proposition that there was a material variance between the pleadings and the proof.    The learned court below therefore fell into error in denying to the plaintiff the fruits of his verdict.

The judgment is reversed and the record remanded to the court below with direction to enter judgment on the verdict.