Ily, Appellant, *v.* North Versailles Township.

Argued September 30, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

104

*Saul Davis,* with him *Joseph U. Esper,* for appellant.

*George M. Weis,* with him *Weis & Weis,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 10, 1964:
Plaintiff sustained injury as a result of a fall while walking in the roadway of one of the defendant-township's streets. Alleging that the accident was caused by large ruts of ice and snow, which the defendant had negligently permitted to exist on a public thoroughfare, this action for damages resulted. After trial, the jury returned a verdict for the defendant specifically finding that the defendant was not negligent. After judgment entered upon the verdict, the plaintiff appealed asserting error in the charge to the jury by the trial judge on the questions of negligence and contributory negligence.

We need not reach the questions raised concerning the correctness of the charge since, in our view, the plaintiff failed to establish the existence of negligence on the part of the township. Hence, the issue should not have been submitted to the jury in the first place.

The ridges of ice and frozen snow which caused the plaintiff's fall were, under the testimony, completely due to natural weather conditions. The fall occurred not on a sidewalk, but in the roadway. While a mu-

nicipality may be liable for injury caused by an *artificial* accumulation of ice and snow in the roadway, it is not responsible for injury due to an accumulation of ice and snow in the cartway or roadway resulting solely from natural weather conditions: *Strauch v. Scranton,* 157 Pa. Superior Ct. 174, 42 A. 2d 96 (1945), aff'd 353 Pa. 10, 44 A. 2d 258 (1945); *Imhoff v. Pittsburgh,* 202 Pa. Superior Ct. 232, 195 A. 2d 862 (1963); *Solinsky v. Wilkes-Barre,* 375 Pa. 87, 99 A. 2d 570 (1953).

Judgment affirmed.

Mr. Justice MUSMANNO and Mr. Justice COHEN dissent.