Familiari, Appellant, *v.* Lancaster City.

536

Argued November 16, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused June 14, 1971.

James P. Coho, for appellant.

S. R. Zimmerman, III, with him Geisenberger, Zimmerman, Pfannebecker & Gibbel, for appellee.

OPINION PER CURIAM, May 13, 1971:
Order affirmed. See Ily v. North Versailles Township, 416 Pa. 103, 204 A. 2d 253 (1964).
Mr. Justice COHEN took no part in the decision of this case.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
I dissent, believing appellant was entitled to have a jury pass on whether the City of Lancaster was negligent in permitting the ice and snow to accumulate for at least a two week period on the street normally used by appellant in making her way home.
Briefly, the facts as found by the trial court disclose the following. Appellant was a sixty-five year old woman. She alighted from a bus at 9:00 p.m. in

the evening, and attempted to make her way home along Frederick Street, which has no sidewalks. As she neared the intersection of Frederick Street and President Avenue, she slipped on pieces of ice and broke her leg. The way where appellant was walking was usually illuminated by a street light, but the light was not working on this particular evening. The land adjoining the street was owned by the City.

I do not believe that it can be said as a matter of law, given the circumstances of this case, appellant was not entitled to have her evidence considered by a jury. The record, viewed in the light most favorable to appellant, demonstrates that Frederick Street had not been plowed more than two or three times in the past fourteen years. A municipality should owe a duty to the public to exercise reasonable care in the maintenance of sidewalks and other public ways in a safe condition for passage of pedestrians, and this duty should extend to the elimination of dangerous conditions caused by unreasonable accumulations of ice and snow, such as that present in this record.

Accordingly, I dissent.

Mr. Chief Justice BELL joins in this dissenting opinion.