## Camaro v. Upper Darby Township

*John M. Hickey,* for plaintiff.
*Paul R. Bartolacci,* for defendant.

JEROME, *J.*, January 21, 1987 — This action was initiated by plaintiff against Upper Darby Township for injuries sustained as a result of a slip and fall on an icy street in the township on February 8, 1985. At the conclusion of plaintiff's evidence as to liability in a jury trial before this court, defendant township's motion for a compulsory nonsuit was granted. Plaintiff has filed a motion for post-trial relief seeking the removal of the nonsuit on the basis that it was against the weight of the evidence and contrary to applicable law.

Plaintiff's evidence established, through the National Oceanic and Atmospheric Administration-Local Climatological Data, that at the nearby Philadelphia International Airport, it began snowing on February 5, 1985, at 4:00 p.m., and stopped snowing at 5:00 a.m. on February 6, 1985. A total of 3.2 inches of snow and/or ice pellets fell. The temperature on February 6 rose to a high of 35 degrees

Fahrenheit. (Id.) The township salted and cindered a portion of the unit block of Berbro Street on the sixth; the entire block was not salted and cindered since an automobile was blocking the path of the township truck. At the time of the arrival of the township highway department, the snow had already begun to melt; portions of the blacktop in the street were showing. On the following day, February 7, the temperature rose to 32 degrees Fahrenheit and there was 96 percent of possible sunshine during the daylight hours (Id).

On the morning of the following day, February 8, 1985, plaintiff, who lives on the unit block of Berbro Street, awakened at 6:00 a.m. to take his wife to work. His automobile was parked on the street in front of his house with the passenger side closest to the curb. Plaintiff's wife got into the automobile from the curb. Plaintiff had to proceed out into the street to enter his automobile through the door on the driver's side. Because the street was icy, Mr. Camaro had to hold onto the automobile to keep from falling as he made his way around to the driver's door. Mr. Camaro drove his wife to work and returned to 13 Berbro Street to pick up his son, so that he could likewise drive his son to work. Because another automobile had taken his spot at the curb in front of his home, plaintiff parked his vehicle behind it, closer to 15 Berbro Street. Plaintiff parked facing the same direction, with the passenger side of his automobile against the curb, and the driver's side facing the center of the street. Although plaintiff was aware of the icy condition of the street, he did not slide across the seat to exit the automobile from the passenger door onto the ice-free sidewalk. Instead, Mr. Camaro got out of his automobile from the driver's door and, in addition, did not hold onto

the automobile this time, to keep from falling. Plaintiff took a few steps away from his automobile and slipped and fell on ice in the street.

The duty of a municipality to keep its sidewalks free from ice and snow does not apply to the same extent to the surface of a street. Imhoff v. Pittsburgh, 202 Pa. Super. 232, 195 A.2d 862 (1963). It is a practicable impossibility to keep the many miles of streets within a municipality free from ice from curb to curb during the winter months. Rains, followed by freezing temperatures, can ice up a city within just a few short hours, as can the thawing of snow on a sunshiny afternoon and its freezing at night. The law has never strapped a municipality with the unreasonable and impossible task of keeping its streets ice and snow free. A municipality is not liable for personal injuries sustained by an individual who falls in a street because of a generally slippery condition due to the presence of ice and snow accumulated as a result of natural causes. Solinsky v. Wilkes Barre, 375 Pa. 87, 99 A.2d 570 (1953); Ily v. North Versailles Township, 416 Pa. 103, 204 A.2d 253 (1964).

This was the plain and simple case presented to the court in the case sub judice. Plaintiff slipped or slid on a smooth, icy portion of the road surface which had formed as the result of natural conditions. Mr. Camaro testified in a straightforward and consistent manner concerning how he fell and what caused him to fall:

". . . so I shut the engine down, got out of the car, slammed the door, just took a few steps and I was gone. I just flew. Happened so fast, that was it. If you understand how that feels. Your feet just slide right our from under you.

Just took a few small steps and I fell with no warning. Just went from under me. If you can un-

derstand how I'm explaining that, how your feet just — just goes with ice. Just went out. I went flying through the air.

I just slipped — went gone.

I slipped. It was so slippery, I couldn't hold my balance . . . .."

Plaintiff's son's testimony that there were "little hills and ridges in the ice" in the area where his father fell, does not effect the liability of the township, since there was absolutely no evidence that the size and character of the ridges and elevations was such as to constitute a serious obstruction to traffic on Berbro Street. Solinsky v. Wilkes Barre, supra; Rinaldi v. Levine, 406 Pa. 74, 176 A.2d 623 (1962). Moreover, there was no evidence of any causal connection between these "little hills and ridges" and plaintiff's fall. Plaintiff's son, who was standing on the sidewalk, with a parked car between him and his father, did not see his father's feet leave the ground. He did not see his father trip, stumble or put his foot in a hole or rut, nor did his father point out to him the exact spot of his fall. As already indicated, the consistent testimony of plaintiff himself likewise is devoid of even a suggestion that plaintiff tripped, stumbled or caught his foot on any possible rut or ridge of ice:

"Q.  And I think you told me at the deposition that you just slipped. It was short and sweet, like that. Is that right?

"A.  A couple short steps and I was gone. That's right. I've been saying that the whole time.

"Q.  Your feet flew out from under you?

"A.  Yes.

"Q.  You just . . .

"A.  I'll never forget it. I just flew — flew out from under me. I was down.

"Q. You slid?

"A. I slipped. They — my feet gave out. You can understand that. There is no traction. I just went out. And I was gone. I was up in the air and came down. . . .

"Q. You didn't tumble. Is that right?

"A. No, I slipped.

"Q. You didn't stumble in any . . .

"A. No, it slipped out. My feet slipped out from under me. Just slip up.

"Q. You didn't step in any hole or anything, did you?

"A. No.

"  . . .

"A. . . . . Then I started walking north, trying to cut into the car, and I just slid. . . .

"  . . .

"Q. And the area that you fell on was glazy ice, is that right?

"A. All kinds of ice.

"Q. It wasn't chunky though, was it?

"A. Yeah, some of it.

"Q. The area that you fell was chunky?

"A. I don't remember. I fell too fast."

Finally, plaintiff has also suggested that an artificial condition was created on Berbo Street for which the township is responsible, resulting from neighbors brushing snow off of their cars and into the street. Setting aside whether this is a condition that is any more artificial than automobiles leaving tracks in freshly fallen snow, is this the kind of "condition" for which the township should be held responsible? Is this akin to a municipality's failure to repair a broken water main after notice, creating a mass of ice on the street and sidewalk (Tripp v. Renovo Borough, 75 Pa. Super. 417 (1921)); or negligent failure to repair a broken water hydrant

(Decker v. Scranton City, 151 Pa. 241, 25 A.36 (1892)); or negligent failure to clean out an obstructed gutter, causing an accumulation of ice at the mouth of an alley (Manross v. Oil City, 178 Pa. 276, 35 A. 959 (1896))? Even if we were to go so far as to answer these two questions in the affirmative, plaintiff has, nontheless, failed to even make a connection between this "artificial" condition and plaintiff's fall, let alone establish the necessary causation. Plaintiff's son testified simply that various unspecified neighbors at various locations in the block threw snow into the street. There was absolutely no evidence whatsoever that snow was thrown so much as in the general area where plaintiff fell.

It is for the foregoing reasons that this court enters the following

### ORDER

And now, this January 21, 1987, it is hereby ordered and decreed that plaintiff's motion for post-trial relief is hereby denied.