**Vitelli v. City of Chester**

*Marla Welker,* for plaintiff.
*Peter A. Dunn,* for defendant.

SURRICK, *J.,* May 15, 1987—This is an action in trespass by plaintiff, Patricia Vitelli, against defendant, City of Chester, to recover damages for personal injuries resulting from a slip and fall on a street in

the defendant city on January 19, 1982.[1] Plaintiff alleges that defendant was negligent in its failure to properly maintain the streets by allowing ruts and ridges of ice and snow to accumulate on the street, creating a dangerous condition which caused her fall.

On January 11, 1986, the case was called for trial by jury. On January 12, 1986, at the conclusion of plaintiff's case, defendant made a motion for compulsory nonsuit. After argument by counsel, the motion was granted. Defendant filed a timely motion for post-trial to (sic) relief to remove nonsuit. After review of briefs submitted by counsel and oral argument an order was entered dated January 14, 1987, denying plaintiff's motion. Plaintiff has filed an appeal in the Superior Court thus necessitating this opinion.

The facts in this matter are really not in dispute. Edgemont Avenue in the City of Chester runs generally north and south with at least one lane of travel in each direction. Twenty-first Street runs generally east and west and forms a "T" intersection with Edgemont Avenue on the east side of Edgemont Avenue. Plaintiff owns a grocery store which is located on the south-east corner of the intersection of 21st and Edgemont Avenue. The grocery store fronts on Edgemont Avenue. Berman's Drug Store is located on the north-east corner of the intersection of 21st and Edgemont Avenue. On January 19, 1982, at approximately 10:00 a.m., plaintiff left her

1. When the lawsuit was originally filed, the Commonwealth of Pennsylvania and the Chester Water Authority were defendants. On August 27, 1984, an order was entered by the Honorable Joseph T. Labrum dismissing the action against Chester Water Authority. On June 19, 1985, a stipulation was filed dismissing the action against the Commonwealth of Pennsylvania.

grocery store with the intention of walking across 21st Street to Berman's Drug Store. This trip, from her store to Berman's, is a trip which plaintiff makes as many a eight times per week.

On January 19, however, walking across 21st Street was difficult, because snow and ice had been permitted to accumulate on 21st Street. In late December 1981 or early January 1982, the City of Chester had sold its snow removal equipment. Subsequently, it had snowed several times. Automobiles traveling on 21st Street had created ruts and ridges in the snow. This coupled with the normal freezing and thawing process during the days and nights created a condition on 21st Street which was quite difficult to traverse on foot. This condition had been permitted to exist for several weeks prior to plaintiff's injury. On January 19, plaintiff managed to walk across 21st Street and enter Berman's Drug Store. After approximately five minutes plaintiff exited Berman's and began walking back to her store. She had no dificulty walking on the sidewalk because it was completely free of ice and snow. When she reached the curb, however, she experienced a combination of dirty snow, slush and ice which had formed ruts and ridges as high as the curb itself. Plaintiff carefully walked about one car width into the street and stopped to look for traffic. Seeing none, she started to step forward. At this time her left foot slipped out from under her due to the slippery ruts and ridges which had been permitted to accumulate on the street. Plaintiff attempted to break her fall with her left hand and thereby sustained a fracture of the left wrist.

This case essentially involves the question of whether or to what extent a municipality has a duty to remove ice and snow which has accumulated on

its streets.[2] It is well settled that a municipality is under no duty to remove ice and snow from the public streets or to eliminate a generally slippery condition on the streets which is created by the presence of ice and snow which has accumulated as a result of natural causes. *Strauch v City of Scranton,* 157 Pa. Super. 174, 42 A.2d 96 (1945) affirmed 353 Pa. 10, 44 A.2d 258 (1945). Thus a municipality is not liable for personal injuries sustained by a pedestrian who slips and falls because of an accumulation of snow and ice which has resulted from normal weather conditions. It is equally well settled that if the accumulation of ice and snow on streets is the result of artificial causes as opposed to natural causes, the municipality does have a duty to eliminate the dangerous condition and will be liable for injuries resulting from the failure to do so. *Strauch v. City* of *Scranton, supra.*

In the instant case, plaintiff does not disagree with the law as set forth in *Strauch.* Plaintiff argues,

2. In her motion for post-trial to (sic) relief to remove nonsuit, plaintiff suggests that the court erred in failing to properly consider and apply the provisions of the Pennsylvania Tort Claims Act, 42 Pa.C.S. §8542(b). To the extent that plaintiff may be contending that 42 Pa.C.S. §8542(b)(6) changed the previously existing law related to the duty of a municipality to remove ice and snow from its streets which was caused by natural weather conditions, plaintiff did not address this issue in her brief or at oral argument and has, therefore, waived her right to raise that issue on appeal. *Commonwealth v. Perry,* 279 Pa. Super. 32, 420 A.2d 729 (1980) (issues raised by post-trial motions but not addressed in brief or at oral argument are waived). In any event, we are satisfied that the legislature by enacting 42 Pa.C.S. §8542(b)(6) did not change the previously existing law governing the duty of a municipality in such circumstances. See *Vann v. Board of Education of School District of Philadelphia,* 76 Pa. Commw. 604, 464 A.2d 684 (1983); *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606 (1985); 42 Pa.C.S. §8522(a).

however, that the ruts and ridges of snow and ice which caused her fall accumulated as a result of artificial causes and not natural causes. Plaintiff contends that the dangerous condition which caused the fall "was artificially created by automobile traffic and pedestrian traffic." Plaintiff contends that the ruts and ridges were caused by people walking and driving both of which are artificial as opposed to natural causes.

Plaintiff misconstrues the terms *natural* and *artificial* as these terms have been used by our courts when discussing the liability of a municipality in such situations.

When we entered the order granting defendant request for a compulsory nonsuit we cited three cases in support of our decision. In these cases, *Solinsky v. City of Wilkes-Barre,* 375 Pa. 87, 99 A.2d 570 (1953), *Ily v. Township of North Versailles,* 416 Pa. 103, 204 A.2d 253 (1964) and *Familiari v. City of Lancaster,* 442 Pa. 535, 277 A.2d 763 (1971) our Supreme Court discussed the duty of a municipality as related to conditions caused by the weather and the concept of natural as opposed to artificial causes.

In *Solinsky v. City of Wilkes-Barre, supra,* the court dealt with a case which is factually and procedurally indistinguishable from the instant case. In *Solinsky,* plaintiff instituted an action in trespass seeking money damages for injuries sustained as a result of a slip and fall on a street in Wilkes-Barre. Plaintiff alleged that the defendant city had failed to maintain the streets in a safe condition and had permitted ruts and ridges of ice and snow to accumulate on the road causing plaintiff's fall. At the conclusion of plaintiff's testimony the court granted defendant's motion for compulsory non-suit. The facts established by plaintiff were as follows:

"On December 19, 1948, there had been a reasonably heavy snowfall of five or six inches. There was no subsequent fall of snow prior to midnight of December 24. Between this fall of snow on December 19, and the time of the accident the weather was 'below freezing and above freezing.' It 'would thaw out during the day and freeze at night.' *Automobiles passing over the street made ruts and ridges of a depth of three to four inches,* and at no time was any part of the street free of these ruts and ridges. Its surface was in the same condition on the 24th as it was on the 21st. There was no proof of attempts by the city to clear the street or to ash it. Plaintiff's wife, who had crossed the street twice previously on the same day, left her home at approximately 11:30 p.m. on December 24 and proceeded diagonally along the bed of the street reaching near the center thereof where she slipped on a ridge of ice, fell and was thereby injured." (emphasis supplied)

In affirming the lower court's granting of the motion the court stated:

"A municipality is not liable for personal injuries sustained by an individual who falls because of a generally slippery condition of either street or sidewalk which occurs in all cities of Pennsylvania in winter due to the presence of ice and snow, accumulated as a result of natural causes. . . .

"A distinction exists between a situation created by a natural cause and one arising artificially, i.e. such as results from overflowing drains, sewers, dripping eaves, etc. Should a street become unsafe because of a dangerous accumulation of ice and snow following a sewer stoppage (*artificial cause*) of which the city had actual or constructive notice, the municipality may become liable for injuries sustained by a pedestrian."

In the case of *Ily v. Township of North Versailles,* *supra,* plaintiff sustained injury as a result of a fall while walking in the roadway of one of defendant township's streets. The plaintiff alleged that the accident was caused by large ruts of ice and snow, which defendant had negliently permitted to exist on a public thoroughfare. After trial, the jury returned a verdict for defendant township specifically finding that it was not negligent and plaintiff appealed. On appeal, our Supreme Court affirmed the judgment of the trial court but explicitly stated that the case should not have been submitted to the jury because plaintiff had failed to establish the existence of negligence on the part of the defendant township because "[t]he ridges of ice and frozen snow which caused the plaintiff's fall were, under the testimony, completely due to natural weather conditions." The court indicated that a municipality is not liable for injury due to an accumulation of ice and snow in the roadway or street resulting solely from natural weather conditions.

In the case of *Familiari v. City of Lancaster,* *supra,* our Supreme Court again affirmed the lower court's granting of a compulsory nonsuit in a case following a fall on ice and snow which the municipality had permitted to accumulate on the streets. Justice Roberts briefly set forth the facts in his dissenting opinion. Ice and snow had been permitted to accumulate for a period of at least two weeks on a street normally used by plaintiff in making her way home. While plaintiff was walking home she slipped on pieces of ice in the street and broke her leg. The street had not been plowed more than two or three times in 14 years. The Supreme Court held, that because the ice and snow had accumulated as a result of natural conditions, the case was properly taken from the jury.

It is clear from the foregoing that our Supreme Court has determined, as a matter of policy, that municipalities will not be liable for injuries which are sustained as a result of a dangerous condition of the roadway if the dangerous condition is created by natural weather conditions. This is so even when vehicular or pedestrician traffic has contributed to the dangerousness of the condition. This policy is certainly reasonable considering the burden which would be placed upon our municipalites by requiring them to keep their many miles of street free and clear of the natural accumulation of ice and snow which occurs every winter and considering the known and obvious nature of the danger to pedestrians. *Solinsky v. Wilkes-Barre, supra.*

Plaintiff also contends, however, that the condition on which she fell was artificial and not natural because the ice and snow on which she fell came at least in part from the sidewalk in front of Berman's Drug Store. Plaintiff contends that the snow from Berman's sidewalk had been shovelled into the street, thus changing the nature of the condition from natural to artificial.

Initially, we would observe that plaintiff presented no testimony whatsoever to support this position. There was no testimony at trial that anyone had shovelled snow into the street. The only testimony presented which bears upon this at all were statements made by plaintiff during her testimony that the sidewalk in front of Berman's was clear. There was no testimony presented by plaintiff as to how it became clear. Plaintiff suggests that it is reasonable to infer that the snow on the sidewalk must have been shovelled onto the street. Even if we were to conclude that this a reasonable inference to be drawn from the facts presented, it would not change the result. It would not change the condition on

which plaintiff fell from a natural condition to an artificial condition thus imposing a duty on defendant to remove it. The snow and ice covering the area was still created by natural weather conditions. The fact that the volume of snow in the street is increased to some extent by a shop owner shovelling of his sidewalk does not change the nature of the condition from natural to articifical any more than would vehicular or pedestrian traffic. To suggest that the rule is that a municipality has no duty to remove natural accumulations of ice and snow from the streets but that a duty is created if a property owner abutting the street adds to the accumulation of ice and snow by shovelling his sidewalk not only defies reason, as a practical matter, it abrogates the rule and defeats the policy behind it.

For these reasons we concluded that defendant, City of Chester, owed no duty to plaintiff, Patricia Vitelli, as a matter of law. Accordingly, defendant's motion for compulsory nonsuit was proper.