545 A.2d 1011

Patricia Vitelli, Appellant *v.* City of Chester, Appellee.

Argued February 23, 1988, before President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.

*Marla J. Welker, Mychak & Itkoff, P.C.,* for appellant.

*Miriam Dole, Dunn, Haase, Sullivan, Mallon & Cherner,* for appellee.

OPINION BY JUDGE MCGINLEY, August 22, 1988:

This is an appeal by Patricia Vitelli (Vitelli), from an Order of the Court of Common Pleas of Delaware County, denying her Motion to [sic] Relief to Remove Non-Suit. We affirm.

Vitelli brought suit against the City of Chester (City) alleging negligence on the part of City for failing to remove a dangerous condition on a city street created by ruts formed in the accumulated snow and ice by vehicular and pedestrian traffic. At the close of Vitelli's testimony, the trial court granted the City a compulsory nonsuit. The trial court then heard and denied Vitelli's post-trial motion. The trial court held the City was not liable as a matter of law; that Vitelli had waived her right to argue that Section 8542 of the Judicial Code, 42 Pa. C. S. §8542, changed the rules of liability under the common law; and that Section 8542 of the Judicial Code did not change any rule of common law liability.

In her complaint Vitelli alleged she "was tripped . . . by a sheet of solid ice covering a manhole . . ." as she walked across an intersection in the City on January 19, 1982, and fell on a public street. Complaint at 2. The fall was caused by ruts and ridges which had formed in the snow and ice which had accumulated from a snowfall. The parties are not in agreement as to whether the snow which fell onto the street was added to by the shovelling of adjoining landowners. There was no direct testimony on the issue, but Vitelli did testify that the sidewalk was clear, leading to the inference that snow had been shovelled from the walk into the street. The trial court ruled this was a "natural" condition for which the City had no liability, and that the act of shoveling snow onto the street would not change this status. Consequently, the trial court held that it was immaterial whether or not snow had been shoveled onto the street, and that there was no question of fact for the jury to determine.

Vitelli first argues that the trial court improperly granted a directed verdict because there remained an issue of fact for the jury to determine, *i.e.*, whether a portion of the snow and ice which accumulated on the street had been shoveled onto the roadway from the sidewalk.

An order granting a nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Agriss v. Roadway Express, Inc.*, 334 Pa. Superior Ct. 295, 483 A.2d 456 (1984). The only allegation of impropriety which we must review is whether the trial court properly ruled that snow shoveled onto the street was a "natural" condition, without permitting the jury to decide if snow had in fact been shoveled onto the street.

Under the common law, a municipality's duty to free its streets of ice and snow depends upon whether the snow and ice resulted from "natural" or "artificial" causes.

> It is settled law that the duty of a municipality to keep its sidewalks free from snow and ice does not apply in the same degree to the surface of the street, and that there is no liability on the municipality if the injury results solely from natural weather conditions.

*Imhoff v. City of Pittsburgh*, 202 Pa. Superior Ct. 232, 235-236, 195 A.2d 862, 863 (1963). *See also Ily v. Township of North Versailles*, 416 Pa. 103, 204 A.2d 253 (1964).

The *Imhoff* court then went on to explain the distinction between "natural" and "artificial" causes. "A distinction exists between a situation created by a natural cause and one arising artificially, i.e., such as results from overflowing drains, sewers, dripping eaves, etc."

*Id.* at 237, 195 A.2d at 864. The examples of "artificial" causes conspicuously do not include shovelled snow. Shovelled snow is a natural incident of the snowfall which cannot be separated from the snowfall itself. The fact that snow has been shovelled into the street does not change its character from "natural" to "artificial."

Vitelli's contention that the ruts and ridges in the snow were "artificial", is unsupported by case law. In *Straunch v. City of Scranton,* 157 Pa. Superior Ct. 174, 42 A.2d 96, affirmed 353 Pa. 10, 44 A.2d 258 (1945), the court reviewed a situation where automobile traffic had formed ruts in the ice and the roadway and determined that the condition of the roadway was "natural."

In light of the above case law, we are bound to hold that even if the snow had been shovelled into the street, and although traffic caused the formation of ruts, the condition of the street was still a "natural" result of the weather, and the trial court properly granted a non-suit because the City was not liable as a matter of law.

Vitelli next alleges that Section 8542 of the Judicial Code changed the common law liability in this area and that the trial court improperly ruled that she waived her right to raise the issue on appeal.

We agree with Vitelli that the trial court improperly found that she waived her right to raise the Section 8542 issue on appeal.

> When post-verdict motions raising the issues are filed, we will presume that the issues are preserved, and we will proceed to an examination of their merits. However, when the record establishes that issues have not been presented by a brief or oral presentation, the presumption is rebutted as to these issues, and we will not consider them.

*Commonwealth v. Perry,* 279 Pa. Superior Ct. 32, 36, 420 A.2d 729, 731 (1980). In the case *sub judice* the

issue of the applicability of Section 8542 of the Judicial Code was preserved in a discussion held in chambers[1] and in Vitelli's post-trial motions. The finding of waiver did not, however, have any bearing on the outcome of the case and amounts to harmless error at most. The doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt. *Commonwealth v. Thornton*, 494 Pa. 260, 431 A.2d 248, 251 (1981).

Although the finding of waiver was in error, it was harmless error because Section 8542 of the Judicial Code does not change common law liability. The Act provides:

> (a)  Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1)  The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and . . .

42 Pa. C. S. §8542(a)(1).

In the controversy *sub judice* appellant could not recover under the common law, and does not demonstrate

---

[1] The discussion included the following statement by Vitelli's counsel: "Section 8542 of the Political Subdivision Tort Claims Act allows for actions against municipalities." (Transcript of February 11, 1986 at 10.)

in the brief to this court the existence of a statute creating the cause of action espoused by her.

In accordance with the law as stated in this opinion, we affirm the trial court's holdings.

## ORDER

AND NOW, August 22, 1988, the order of the Court of Common Pleas of Delaware County dated January 14, 1987, at No. 83-12858 is affirmed.