551 A.2d 1130

Kenneth Huber and Erma Huber, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Angelo Dininni and John Gardecki, Appellees.

Argued September 12, 1988, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*John R. Badal, Liever, Hyman & Potter, P.C.,* for appellants.

*William A. Slotter,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE PALLADINO, December 13, 1988:

Kenneth Huber and Erma Huber (Appellants) appeal an order of the Court of Common Pleas of Berks County (trial court) denying their motion to open summary judgment granted in favor of the Commonwealth of Pennsylvania, Department of Transportation (DOT). We affirm.

Kenneth Huber was involved in a multi-car collision on December 22, 1983 at approximately 6:45 A.M. The collision occurred in Exeter Township, Berks County along Pennsylvania Route 422 near the intersection of Route 422 and 39th Street. At the time of the accident, the road was covered with ice and snow as a result of a snow storm which had begun on December 21, 1983 at approximately 10:30 P.M. Mr. Huber's automobile was struck from behind by a car driven by Mr. Angelo Dininni. After Mr. Huber got out of his vehicle to inspect the damage, he was injured when a car driven by Mr. John Gardecki struck Mr. Dininni's car, causing Mr. Dininni's car to strike Mr. Huber.

Appellants brought an action in the trial court against Gardecki, Dininni, and DOT. Appellants alleged that DOT was aware of the icy road conditions existing at the accident scene for at least seven (7) hours before the accident occurred yet did not remove or treat the ice and snow. Appellants averred that DOT's failure to remove or treat the ice and snow constituted negligence and that such negligence was the cause of the collision and the resulting injuries to Mr. Huber.[1]

---

[1] In their complaint, Appellants alleged that DOT's negligence consisted of the following:

(a) Failing to mechanically or chemically remove the ice and slush which had accumulated on the roadway at the scene of the aforesaid collision;

(b) Failing to remove the ice from the surface of the highway after a reasonable time had elapsed from the accumulation of the ice to the time of the collision;

In its answer and new matter, DOT contended that Appellants had not stated a cause of action, asserting that it could not be held liable for injuries resulting from a failure to remove or treat natural accumulations of ice and snow. In the alternative, DOT averred that it was immune from suit because Appellants failed to provide actual written notice of the road conditions as required by 42 Pa. C. S. §8522(b)(5).[2] DOT then filed a motion for summary judgment setting forth these contentions.

----

(c) Failing to cover the aforesaid portion of the highway with sand, cinders, or other abrasive material to aid eastbound motorists in slowing, controlling and stopping their vehicles as they approached and operated on the ice-covered highway;

(d) Failing to warn motorists approaching from the west on that highway that the portion of the highway was not free of ice and in fact was dangerous as a result of being covered by ice;

(e) Failing to design, repair or reconstruct the said portion of the highway in order to prevent or minimize the accumulation of water and ice;

(f) Failing to redirect traffic to prevent operation of motor vehicles on the portion of said highway after knowing or being in a position to know of the dangerous conditions that existed;

(g) Failing to provide an adequate number of qualified maintenance employees so that the dangerous roadway conditions would have been addressed and resolved in a prompt and appropriate manner;

(h) Failing to give priority to ice removal and road conditions on the more heavily travelled portions of the State roadways including the area where the aforesaid collision occurred;

Appellants' Complaint, Paragraph 19.

[2] DOT asserted that, assuming its actions did fall within one of the statutory exceptions to sovereign immunity, section 8522(b)(5) was the relevant exception. Section 8522(b)(5) provides that actual written notice must be given to DOT of a dangerous condition of a highway under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements.

By order dated May 18, 1987, the trial court granted DOT's motion for summary judgment. The trial court granted reconsideration by order dated May 22, 1987, but on October 14, 1987, denied Appellants' motion to open summary judgment. The trial court determined that although Appellants had stated a cause of action against DOT for its failure to clear the ice and snow, DOT was immune because Appellants had not given DOT actual written notice of the road conditions as specified in section 8522(b)(5).

On appeal to this court, Appellants argue that the trial court erred in granting summary judgment in favor of DOT. Appellants contend that 42 Pa. C. S. §8522 (b)(4) is the applicable sovereign immunity exception, and that under this section, written notice is not required.[3] Appellants further assert that even if written notice to DOT *were* a prerequisite to the waiver of sovereign immunity, DOT received actual written notice through a diary made by one of DOT's highway foremen in charge of maintenance and logs prepared by DOT's radio dispatcher of incoming telephone calls. DOT again contends that it had no duty to remove snow and ice which were the result of natural accumulations.

Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Herman v. Greene County Fair Board,* 112 Pa. Commonwealth Ct. 615, 535 A.2d 1251 (1988). A motion for summary judgment may properly be granted when the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Harding v. Galyias,* 117

---

[3] Section 8522(b)(4) is an exception to sovereign immunity applicable to Commonwealth real estate, highways, and sidewalks, but does not apply to those conditions described in section 8522(b)(5).

Pa. Commonwealth Ct. 371, 544 A.2d 1060 (1988). In considering a motion for summary judgment, all well-pleaded facts, but not conclusions of law, in the non-moving party's pleadings must be accepted as true. *Id.*

In this case, we must first address the issue of whether Appellants have stated a cause of action against DOT.[4] In order to state a cause of action in negligence, three elements must be present: (1) a duty on the part of the defendant to conform to a particular standard of conduct with respect to the plaintiff, (2) a failure by the defendant to conform to that standard, and (3) a reasonably close causal connection between the defendant's conduct and the injury suffered by the plaintiff. *Walch v. Red Hill Borough,* 110 Pa. Commonwealth Ct. 554, 532 A.2d 1238 (1987).

DOT argues that Appellants have not established the first element, namely, that DOT had a duty to conform to a particular standard of conduct with respect to Appellants. Whether a duty exists in the first instance is a question of law. *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988) (affirmance by equally divided court). In this case, the trial court determined that Appellants failed to state a cause of action at common law, concluding that DOT had no duty to remove or treat natural accumulations of ice and snow. We agree. In analogous cases, this court has held that, at common law, a municipality is not liable for injuries sustained by an individual who falls on a public roadway because of snow and ice, where the snow and ice are the

---

[4] The General Assembly has waived, to a limited extent, sovereign immunity as a bar to actions against Commonwealth parties, for damages arising out of a negligent act *where the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.* 42 Pa. C. S. §8522(a). DOT is a "Commonwealth party" as defined by 42 Pa. C. S. §8501.

result of *natural* accumulations. *Vitelli v. City of Chester*, 119 Pa. Commonwealth Ct. 58, 545 A.2d 1011 (1988); *see also Imhoff v. City of Pittsburgh*, 202 Pa. Superior Ct. 232, 235-36, 195 A.2d 862, 863 (1963) (duty of a municipality to keep sidewalks free from ice and snow does not apply to same degree to surface of street).

However, the trial court also concluded that Appellants *had* stated a cause of action in negligence pursuant to section 2002 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §512. Section 2002 provides that DOT (formerly the Department of Highways) shall have exclusive authority and jurisdiction over all state highways[5] and shall have the power and duty to repair and maintain the state highways.[6] The trial court reasoned that because section 2002 imposes a duty upon DOT to repair and maintain state highways, including the removal of snow, that section also creates a cause of action based upon DOT's negligent failure to perform that duty.

We recognize that DOT is statutorily charged with the exclusive responsibility for repairing and maintaining state highways. *Haas v. Department of Transportation,* 84 Pa. Commonwealth Ct. 522, 479 A.2d 100

---

[5] DOT does not dispute that Route 422 (L.R. 146) is a state highway. *See* Section 6 of the Act of May 31, 1911, P.L. 468, *as amended,* 36 P.S. §§971, 1118.

[6] Section 407 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-407, provides that DOT shall purchase all necessary material and appoint and employ all necessary labor to keep the state highways free from holes, ruts, sticks, loose stones, or impediments of any kind which tend to interfere with travel. DOT's snow removal obligations may vary depending upon the type of road involved (*e.g.* streets in first, second, and third class cities). Sections 522 and 542 of the State Highway Law, 36 P.S. §§670-522, 670-542; *see* Sections 103 and 205 of the Act of September 18, 1961, P.L. 1389, *as amended,* 1758-103, 1758-205.

(1984). However, this does not end our inquiry into the scope of DOT's responsibilities and duties with respect to *tort* claims. In *Mindala,* in the opinion in support of affirmance, Justice ZAPPALA interpreted the concept of "duty" in the context of an action brought against a township for damages resulting from an accident which allegedly occurred because a stop sign at an intersection was missing from a state highway. In finding that the township had a duty to the plaintiffs, Justice ZAPPALA stated that "in reviewing whether a duty exists the court must determine the relationship between the parties and balance the various competing interests and costs involved in providing the requested protection. This requires a determination of the probability of harm in conjunction with the inconvenience of acting to prevent that harm." *Id.* at 358, 543 A.2d at 524. We adopt this test for determining whether a duty to act, or conform to a certain standard of conduct, should be imposed on a defendant in a negligence action.

Appellants rely on this court's decision in *Department of Transportation v. Phillips,* 87 Pa. Commonwealth Ct. 504, 488 A.2d 77 (1985) to support their argument that DOT had a duty in this case to warn or correct the conditions on Route 422. In *Phillips,* we held that DOT has a duty to warn and correct a dangerous ice condition and may be held liable for failure to do so after it receives actual knowledge of the condition. However, we do not believe the holding in *Phillips* to be dispositive here because the facts giving rise to that holding are distinguishable from those presented in the instant case.

In *Phillips,* DOT was found to be 80% negligent as a result of a two-car collision which occurred on a patch of ice on a state road. The patch of ice was caused by water which ran off of the land near the highway after a heavy rainfall as well as by water pumped from a nearby

house into a drainage ditch which then ran onto the road. Before the accident in question, DOT was notified about the ice patch because another accident had occurred there. DOT sent a crew to the scene and the crew attempted to place a trestle and light adjacent to the ice patch. However, the DOT crew left the scene even though the light was not working. The trial court in *Phillips* also found that although DOT applied cinders and salt to the ice patch, one of DOT's assistant superintendents observed the condition while on regular snow patrol duty on the morning of the accident, but did not correct the condition.

However, the *Mindala* test which we have adopted requires a determination of the relationship between the parties as well as a balancing of the respective interests and costs in each case. With this test in mind, we decline to hold that the above-referenced statutory provisions of the Administrative Code and State Highway Law impose a duty on DOT *with respect to Appellants* or create a cause of action. To the contrary, we believe that these statutory provisions impose a duty on DOT *on behalf of the general public* to clear snow and ice on state highways.

Appellants have not alleged that the snow and ice on Route 422 were anything other than *natural* accumulations resulting from a snowstorm. Clearly, at common law, DOT has no duty to remove this ice and snow and Appellants have no cause of action. *Vitelli*. Viewing the provisions of the Administrative Code and State Highway Law and weighing the possible burdens and benefits of imposing a duty upon DOT under the given facts, we will not interpret DOT's *general* duty of snow removal under the statutes to include a *specific* duty to protect Appellants from the harm suffered in this case.

Because we conclude that Appellants have failed to state a cause of action, we need not address Appellants'

other contentions pertaining to the sovereign immunity exceptions.

Accordingly, we affirm.[7]

ORDER

AND NOW, December 13, 1988, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[7] This court can affirm a correct decision of a tribunal below even if the reasoning employed by that tribunal was erroneous. *Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa. Commonwealth Ct. 164, 546 A.2d 755 (1988).