552 A.2d 1171

Jorge Armando Socarras, Appellant *v.* City of Philadelphia, Jo Anne Coleman, Robert Kollmer and Pennington Sales and Service, Co., Appellees.

Argued June 16, ·1988, before Judges BARRY and MCGINLEY, and Senior Judge NARICK, sitting as a panel of three. Reargued December 14, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, BARRY, COLINS, PALLADINO, MCGINLEY and SMITH.

*Donald E. Matusow*, with him, *Martina Jo Walsh, Litvin, Blumberg, Matusow & Young,* for appellant.

*Alan C. Ostrow*, Assistant City Solicitor, with him, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, *Norma S. Weaver,* Chief Deputy in Charge of Claims, and *Seymour Kurland,* City Solicitor, for appellees.

OPINION BY JUDGE MCGINLEY, January 27, 1989:

Jorge Armando Socarras (Socarras) appeals from an order of the Common Pleas Court of Philadelphia (trial court) granting the City of Philadelphia's (City) motion for

summary judgment thereby dismissing Socarras's complaint against the City. We reverse.

The facts in this matter are not contested. On December 5, 1980, Socarras sustained severe injuries when a small Volkswagen automobile he was driving struck the rear of a pick-up truck which had broken down and had come to a stop in one of the middle lanes of northbound Interstate Route 95 in Philadelphia. The record indicates that just before the accident, the driver of the pick-up attempted to flag down a passing Philadelphia police officer who failed to stop. Socarras subsequently filed a complaint against the City among other defendants, alleging negligence on the part of the police officer for failing to stop and assist the disabled pick-up truck. After discovery was completed the City filed a motion for summary judgment arguing that the police officer owed no duty to stop and assist the disabled truck. The trial court granted the City's motion and dismissed the complaint as to the City. Socarras appeals.

Our scope of review when considering a grant of summary judgment is clearly defined. A summary judgment can only be sustained where the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Melendez v. City of Philadelphia*, 320 Pa. Superior Ct. 59, 466 A.2d 1060 (1983).

Socarras presents two issues for our review. First, Socarras contends that when a police officer has actual knowledge that a motorist is stranded in a dangerous position on a roadway a special relationship arises creating a duty to render necessary assistance. Second, Socarras contends the public duty doctrine, which states officers owe a general duty to the public, but not to

specific individuals should be overruled as contrary to public policy as it shields municipalities from the negligent acts of their police officers. We need only address the first issue.

Socarras argues that in his situation a special relationship was created when the police officer observed specific individuals, namely Jo Anne Coleman Kollmer and Michelle Marnell, the occupants of the disabled pick-up truck, signaling for police assistance. Socarras argues that once the police officer observed the occupants of the truck signaling for assistance he had a duty to render assistance in order to protect the occupants and also passing motorists who were unaware of this dangerous condition. We agree. In *Mindala v. American Motors Corporation*, 518 Pa. 350, 543 A.2d 520 (1988) our Supreme Court examined a situation wherein a township police chief had personal knowledge that a stop sign was missing from a dangerous intersection within his department's area and failed to replace the stop sign or install warning devices to alert motorists, the failure allegedly resulted in a fatal accident. In, *Mindala* the Court reasoned:

> Since the township police possessed statutory authority to regulate traffic, had knowledge of a dangerous situation, and the capability to rectify the problem, a duty was created to reasonably exercise that authority and the failure to do so violated that duty. Therefore, for purposes of determining a motion for summary judgment, the Appellants have alleged sufficient facts to support their contention that the township owed a duty to the Mindalas and breached that duty.[1]  *Id.* at 363, 543 A.2d at 527.

---

[1] *Mindala* at 527.

In this case, both parties stipulated for purposes of the motion for summary judgment, which is the subject of this appeal, that a City police officer passed the disabled pick-up truck on Interstate 95, looked in the direction of the disabled vehicle and failed to stop to render assistance. Further, Directive 92 of the Philadelphia Police Department, issued July 3, 1974, regarding vehicle investigations directs police officers to render assistance to motorists when circumstances indicate that an operator or vehicle is in need of police assistance.[2] It is not contested that Interstate 95, within the limits of the City of Philadelphia, is clearly within the jurisdiction of the City police and that the City police have authority therein to regulate traffic. Accordingly, since the passing City police officer possessed statutory authority to regulate traffic on Interstate 95,[3] drove past. and directly confronted the dangerous situation presented by the presence of the disabled vehicle in one of the middle lanes, and had the capability to rectify the situation, a duty was created for that officer to reasonably exercise his authority. As in *Mindala*, failure of the officer to take the appropriate action results in a violation of that duty owed not only to the occupants of the disabled vehicle, but also to approaching motorists who would foreseeably come into contact with the disabled vehicle.

Having determined that there are sufficient facts alleged to support the contention that the City owed a duty and breached that duty, the order of the trial court is reversed.

---

[2] Directive 92, Philadelphia Police Department, Section I.C. and II.C. Reproduced Record at 46a-47a.

[3] Section 6109 of the Vehicle Code, 75 Pa. C. S. §6109, Philadelphia Home Rule Charter §5.5-200 (May 1980).

ORDER

Now, January 27, 1989, the order of the trial court is reversed and this matter is remanded to the Court of Common Pleas of Philadelphia for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent to the majority opinion.

The majority concludes that the police officer owed a duty to stop and render assistance to the occupants of a disabled vehicle and "to approaching motorists who would foreseeably come into contact with the disabled vehicle," majority op. at 4, and that the police officer's failure to stop upon seeing the disabled vehicle (which Socarras shortly thereafter struck) was a breach of the police officer's duty to both. In reaching this conclusion, the majority relies on the recent Pennsylvania Supreme Court decision in *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988) (affirmance by equally divided court). I believe the majority has misapplied the *Mindala* decision.

Initially, I note that the issue which must be decided in this case is whether the police officer owed a duty to Socarras, who was the operator of the vehicle which struck the disabled vehicle and who is the plaintiff in this action. There is no need to consider whether a duty was owed to the occupants of the disabled vehicle.

Supreme Court Justice ZAPPALA, in his opinion in support of affirmance in *Mindala*, set forth the following test for determining whether a duty to act or conform to a certain standard of conduct should be imposed on a municipal defendant in a negligence action: "[I]n reviewing whether a duty exists the court must determine the relationship between the parties and balance the various

competing interests and costs involved in providing the requested protection." *Id.* at 358, 543 A.2d at 524. This court has recently followed that test in *Huber v. Department of Transportation,* 122 Pa. Commonwealth Ct. 82, 551 A.2d 1130 (1988). *Mindala* is similar to the instant case in that the negligence alleged was the failure of the police to take action which allegedly would have prevented the harm suffered by a motorist in a traffic accident. The majority was correct in looking to *Mindala* for guidance but incorrect in determining that the reasons for finding a duty in *Mindala* were also present here.

Justice ZAPPALA concluded that the police officer in *Mindala* owed a duty, which was breached, to the motorists injured in an intersection collision, where a stop sign was missing from one of the intersecting roads, for the following reasons:

> Since the township police possessed statutory authority to regulate traffic, had knowledge of a dangerous situation, and the capability to rectify the problem, a duty was created to reasonably exercise that authority and the failure to do so violated that duty.

*Id.* at 363, 543 A.2d at 527. Close examination of the facts in this case show that those factors are not present here.

The first factor given by Justice ZAPPALA for imposing a duty was the statutory authority of the police to regulate traffic. That factor was relevant in *Mindala* because the alleged cause of the harm, a missing stop sign, was a traffic signal. The alleged cause of the harm here, a disabled vehicle, is not. The second factor was knowledge of a dangerous situation. In *Mindala,* the police knew the stop sign was missing for more than 24 *hours* prior to the accident and failed to take action. Here, the police knew about the disabled vehicle for 2.5—5 *minutes* prior to the

accident. The third factor given by Justice ZAPPALA was the capability to rectify the problem. The police in *Mindala* had available to it a portable stop sign. In the instant case, the majority, unlike Justice ZAPPALA in *Mindala,* does not indicate how the police officer in this case could have rectified the situation in order to have prevented the accident. The majority merely concludes that the police officer had such capability.[1] Nothing in the stipulation of facts indicates that the police officer had such capability at his disposal. It is also quite improbable that the dangerous situation could have been rectified in the 2.5—5 minutes during which the police officer knew of the existence of the disabled vehicle.

Justice ZAPPALA's opinion in *Mindala* makes clear that whether a duty is owed by the police to a particular plaintiff must be determined on the basis of the facts of the situation in which the duty is alleged to be owed. As pointed out, the facts of the situation in this case are very different from those in *Mindala*. It is clear to me that the police officer here, irrespective of any duty he might have owed to the occupants of the disabled vehicle, owed no duty to Socarras. I would affirm the decision of the trial court.

---

[1] We note that this accident occurred on Interstate 95 in Philadelphia at 3 P.M.