573 A.2d 659

Shelley Ruth KILMER and Thomas R. Kilmer, her husband Myles Kilmer, a minor, by Shelley Ruth Kilmer, Mother and Natural Guardian

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant. (Two Cases)

Stanley J. ELY, Individually and as Administrator of the Estate of Gwendolyn R. Ely, Deceased

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION et al.

Kenneth R. ELY, Individually and as Administrator of the Estate of Dessa H. Ely, Deceased

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION et al.

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided April 19, 1990.

Reargument Denied May 25, 1990.

James R. Moyles, Sr. Deputy Atty. Gen., for appellant.

Laurence M. Kelly, Kelly & Kelly, Montrose, and Timothy O. Foley, for appellees.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for consideration are consolidated appeals by the Department of Transportation (Department) from two orders entered on July 20, 1989 by the Court of Common

Pleas of Susquehanna County which denied the Department's motions for judgment on the pleadings. The court amended its orders on September 8, 1989 to allow the Department to take an interlocutory appeal to this Court pursuant to Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), and Pa. R.A.P. 1311. By order dated November 2, 1989 this Court granted the Department's petitions for permission to appeal. Although both appeals present the same issue, to wit: whether the Department owes a duty to individual motorists to remove natural accumulations of snow and ice from the surface of a state highway, the facts of each case are different and are set forth separately as follows.

*Ely Case*

Gwendolyn Ely was operating a motor vehicle on November 16, 1985 in a northerly direction along State Route 29, with Dessa Ely as a passenger. At the same time Aloysius McCarey was operating his vehicle in a southerly direction on Route 29. As the vehicles approached each other, the McCarey vehicle is alleged to have encountered some combination of snow, slush and ice which had accumulated on the highway, which caused the McCarey vehicle to cross the center line of the highway and collide head on with the Ely vehicle. Both Gwendolyn and Dessa Ely died as a result of injuries sustained in the accident. Stanley Ely and Kenneth Ely, individually and as the administrators of the estates of Gwendolyn Ely and Dessa Ely respectively, filed separate complaints in which they alleged that the cause of the accident was the Department's failure to remove the accumulated ice, snow and slush from the surface of Route 29 or to warn drivers of the accumulation on the road surface. Both complaints also contained a general allegation that the Department "[o]therwise failed to maintain said highway in a reasonably safe manner for the protection of the traveling public including decedent."

*Kilmer Case*

Shelley Ruth Kilmer was operating a motor vehicle on January 5, 1987 in a southerly direction along State Route

92, with Myles Kilmer, a minor, as passenger. At the same time Floyd Clough was operating his vehicle in a northerly direction on Route 92. As the vehicles approached each other, the Kilmer vehicle is alleged to have encountered some combination of snow, slush and ice which caused Shelly Kilmer to lose control of her vehicle, skid into the northbound lane, and collide with the Clough vehicle. Both Shelley and Myles Kilmer sustained injuries. Shelly Kilmer and her husband, and Myles Kilmer by his mother Shelly Kilmer filed a complaint in which they alleged that the cause of the accident was the Department's failure to remove the accumulated ice, snow and slush from the surface of Route 92 or to warn drivers of the accumulation on the road surface. The complaint also alleged that the Department "[o]therwise failed to maintain said highway in a reasonably safe manner for the protection of the traveling public including plaintiffs."

■ Pursuant to Pa.R.C.P. No. 1034, a motion for judgment on the pleadings may be granted "only in cases where no facts are at issue and the law is so clear that a trial would be a fruitless exercise." *Beardell v. Western Wayne School Dist.*, 91 Pa.Commonwealth Ct. 348, 353, 496 A.2d 1373, 1375 (1985). The Department contends that neither the Kilmers nor the Elys have stated a cause of action based on the pleadings because the Department owes no duty to individual motorists to remove natural accumulations of snow and ice from a state highway road surface.

We agree. In these cases there were no allegations that the conditions on State Routes 29 and 92 at the relevant times were due to any cause other than the natural accumulation of ice and snow. That being the case, this Court's decision in *Huber v. Department of Transportation*, 122 Pa.Commonwealth Ct. 82, 551 A.2d 1130 (1988), *petition for allowance of appeal denied*, —— Pa. ——, 578 A.2d 931 (1989), *petition for reconsideration filed* August 22, 1989, is controlling. In *Huber*, we held that the Department has no common law duty to remove natural accumulations of ice

and snow, and that the general duty to remove snow imposed on the Department by Section 2002 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 512, and the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §§ 670-101 to 670-1007, does not include a separate duty to protect from harm those individuals involved in motor vehicle collisions. Accordingly, for the reasons more fully set forth in *Huber,*[1] we conclude that neither the Kilmers nor the Elys have stated a cause of action.

■ Additionally, as noted *supra,* both the Kilmers and the Elys included in their complaints a general allegation that the Department failed to maintain the respective state highways in a reasonably safe manner. There were, however, no facts pled which would support a cause of action based on this broad and conclusory allegation, other than the accumulation of snow and ice, and we fail to see how the Kilmers and the Elys could so plead. It is clear from the pleadings that the alleged cause of the accidents was the natural accumulation of snow on the road surface, and not a design or other defect in the highway itself, which would, of course, be an entirely different theory and a different cause of action. *See Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966). Therefore,

1. Based apparently upon the common pleas court judge's conclusion that Judge Craig of this Court "switched sides" from the majority in *Huber* to the majority in *Socarras v. City of Philadelphia,* 123 Pa.Commonwealth Ct. 197, 552 A.2d 1171, *petition for allowance of appeal denied,* 522 Pa. 605, 562 A.2d 828, 829 (1989), the Kilmers and the Elys contend that *Huber* is inconsistent with *Socarras* and hence is no longer good law. In *Socarras,* we concluded that a Philadelphia police officer who observed the occupants of a stalled vehicle signalling for assistance had a duty to render such assistance in order to protect the occupants and passing motorists who were unaware of that dangerous condition; that a special relationship existed to protect the motorist. However, *Socarras* is distinguishable from *Huber* and the case *sub judice* for several reasons, most notably, in *Socarras* a Philadelphia Police Department directive specifically required police officers to render assistance to motorists when circumstances indicated that an operator or vehicle was in need of assistance, and that *Socarras,* unlike *Huber* and this case, did not involve the natural accumulation of snow and ice.

we believe the Department's motions for judgments on the pleadings should have been granted.

Accordingly, we reverse both orders entered by the court of common pleas.

## ORDER

NOW, April 19, 1990, the orders of the Court of Common Pleas of Susquehanna County in the above-captioned matters are hereby reversed.