KOPRIVA, J.,
Before this court are three motions for summary judgment filed on behalf of the following defendants: (1) William K. Daus, Imler’s Poultry; (2) David A. Ammerman; and, (3) Commonwealth of Pennsylvania, Department of Transportation.
The above-captioned matter arises out of an accident which occurred January 7, 1989. Four separate lawsuits were filed as a result of the accident. Those separate actions were consolidated by order of this court dated September 20, 1990. Oral argument was heard on the motions for summary judgment on November 16, 1990. We will now proceed to disposition of the motions considering each separately *450 beginning with the motion of William K. Daus, Imler’s Poultry.
FACTS
The accident occurred on Pennsylvania Legislative Route 220 in Snyder Township near Reese’s Market. A general outline of the facts as they have been developed through discovery are. that Charles Lynch was travelling north on 220 toward State College. Mr. Lynch was following a tractor-trailer owned by Imler’s Poultry and driven by William Daus. Mr. Daus was on his way to Reese’s Market to make a delivery. As he approached the market, Mr. Daus activated his right-turn signal and started slowing his truck. The roadway was icy, although the weather was clear and there was no precipitation at the time of the accident.
Prior to the Imler’s truck beginning to turn into the market, the Lynch vehicle pulled around the rear of the truck in an apparent attempt to pass the Imler vehicle. At that moment, a car driven by David Ammerman appeared, traveling south on 220 in the opposite direction as the Lynch and Imler vehicles. The Lynch vehicle and the Ammerman vehicle collided head-on, resulting in the deaths of Charles Lynch and his son, Daniel, who was seated in the front passenger side.
The various plaintiffs brought suit against William Daus and Imler’s Poultry alleging negligence for failure to use due care and caution under the conditions as they existed at the time of the accident. Specifically, plaintiffs claim Mr. Daus bypassed entrances into the market that would have permitted the tractor-trailer to exit the roadway at an oblique angle and instead chose an entrance that necessitated a sharp turn. Defendants argue that taking into *451 consideration the condition of the highway, it was unreasonable for Mr. Daus to use the normal entrance where the use of that entrance would cause the rig to partially block the highway and force traffic to come to a halt to allow for such a turn, particularly when a safer alternative is alleged to have existed. Defendants assert that plaintiffs are unable to establish any degree of negligence or causation under such facts and therefore, defendants should be granted a summary judgment.
Summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035(b) which provides for the granting of said motion where the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact. In ruling on a motion for summary judgment, we must accept as true all properly pleaded facts in the non-moving party’s pleadings, as well as all reasonable inferences which may be drawn therefrom. Ferguson v. King, 362 Pa. Super. 543, 524 A.2d 1372 (1987). In summary judgment proceedings it is not the court’s function to determine facts, but only to determine if a material issue of fact exists. French v. United Parcel Service, 377 Pa. Super. 366, 547 A.2d 411 (1988). To accomplish this task, the record as a whole must be examined in the light most favorable to the party opposing the motion. Ferguson, supra. Summary judgment may only be entered in those cases which are clear and free from doubt. Overly v. Kass, 382 Pa. Super. 108, 554 A.2d 970 (1989).
In this matter, the issue of the negligence of Mr. Daus is not free from doubt. We find a question of fact to exist regarding whether the actions taken by Mr. Daus were reasonable under the weather conditions and market entrances as they existed at the time of the incident. Plaintiffs have alleged that Mr. *452 Daus should have attempted to leave the highway at a point south of the entrance he obviously intended to use. Deposition testimony confirms the fact the roadway was quite icy and Mr. Daus was aware of the hazardous conditions. Although Mr. Daus explains in his deposition why he bypassed the southerly entrance, such explanation raises a question of fact and does not remove the inference of negligence which arises from plaintiffs’ allegations. Under good weather and road conditions, defendant’s use of the northerly entrance into Reese’s may indeed be reasonable. But, where the roadway has been described as being a “sheet of ice,” the use of that same entrance, where an alternate entrance exists which might permit the tractor-trailer to exit the highway in a more efficient manner, is sufficient to justify an inference of negligence for purposes of this summary judgment motion.
The question of negligence is for a jury to determine and a court should not remove the question from the jury unless the facts leave no room for doubt. Dougherty v. Boyertown Times, 377 Pa. Super. 462, 547 A.2d 778 (1988). Only in exceptional cases should a court pre-empt the determination of whether a party’s conduct contributed to some degree, if only slightly, to the harm suffered by plaintiffs. Gilpin v. Langan, 789 F.2d 1034 (3d Cir. 1986). In the instant matter we do not find the alleged negligence to be so causally remote from the harm as to take the issue of proximate cause from the jury. A question of fact does exist as to defendant Daus’s negligence although the evidence supporting the inference of negligence is ever so slight. However, we are bound by the legal premise that material issues of fact are not to be usurped from the jury on the mere basis of a weak case.
*453 Defendant, David A. Ammerman, also moves for summary judgment on the basis the record sets forth insufficient facts to support a finding of negligence by a jury. Using the standard we previously set forth with respect to the Imler/Daus motion, we find a question of fact to exist so as to prevent the entry of summary judgment.
In her deposition, Kathleen Lynch testified that she woke up just before the collision and saw the Ammerman vehicle out of control. (Deposition at 33.) That statement together with the fact of Mr. Ammerman testifying that the road was not icy, but merely slushy, gives rise to a conflict of fact and the question of whether Mr. Ammerman was using due care in operating his vehicle. Every other witness testified as to the icy condition of the roadway; if Mr. Ammerman was not aware of the hazard, a fact finder could reasonably infer he may have been travelling too fast and was therefore unable to control his vehicle so that the accident may have possibly been avoided.
The question of negligence attributable to Mr. Ammerman is clearly for a jury to decide. As with Mr. Daus, although the evidence supporting the question of fact is slight, a material issue of fact does exist and therefore summary judgment must be denied.
Ill
The third motion for summary judgment is set forth by the Commonwealth of Pennsylvania Department of Transportation. The various plaintiffs have based their negligence action against PennDOT on a failure to treat the icy condition of the roadway. PennDOT claims such allegations fail to state a *454 cause of action for which relief can be granted since PennDOT is immune from this type of civil liability pursuant to 42 Pa.C.S. §8522.
The evidence of record indicates that the roadway on which the accident occurred had not been treated by PennDOT. However, that portion of Route 220 south of Snyder Township had been treated. Plaintiffs argue section 323 of the Restatement (Second) of Torts applies to the facts of this case and supersedes any immunity alleged. Therefore PennDOT may be held liable in a negligence action. Section 323(a) provides that one who undertakes to render services to another, which he should recognize as necessary for the protection of the other person, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform the undertaking. Plaintiffs cite no case law in support of their claim that the tort of negligent performance is an exception to or supersedes the immunity granted the Commonwealth under section 8522. Although plaintiffs claim the Commonwealth Court employed section 323(a) in their decision of Commonwealth of Pennsylvania, Department of Transportation v. Weller, 133 Pa. Commw. 18, 574 A. 2d 728 (1990), we find no merit to their contention.
In Weller, the facts establish that the plaintiff’s vehicle vaulted over a bridge railing. At trial, Weller argued that PennDOT negligently piled the snow and ice in such a fashion that it formed a ramp over the guardrail which the vehicle ascended before clearing the guardrail and falling to the ground. In affirming the liability verdict against PennDOT, the Commonwealth Court rested its decision on the distinction between natural and artificial accumulations of ice and snow. PennDOT has no common-law duty to remove or treat natural accumulations of *455 ice and snow. Huber v. Commonwealth, Department of Transportation, 122 Pa. Commw. 82, 551 A.2d 1130 (1988). The Weller court found the “ice ramp” at issue to be an artificial accumulation of ice and snow; and thus, sovereign immunity is waived where an artificial accumulation is alleged to have caused an injury to occur. Weller, supra. Had the Weller accident resulted from a natural accumulation of ice and snow, the negligence action would have been barred by 42 Pa.C.S. §8522.
There is no question the icy roadway in the case at bar resulted from natural conditions. This is not a case where PennDOT’s conduct created an artificial accumulation that resulted in an accident. Rather, this is a situation where PennDOT had not treated the roadway at all.* As was previously stated, PennDOT has no duty to remove natural accumulations of ice and snow. Huber, supra. Once it is determined that the allegations complained of are not actionable under a common-law theory of negligence, our inquiry ends. Mindala v. American Motors Corp., 518 Pa. 350, 543 A.2d 520 (1988). The exceptions to sovereign immunity apply to “negligent acts where damages would be recoverable under the common law. . .” 42 Pa.C.S. §8522(a). Here there is clearly no common-law duty to support the negligence action and therefore, summary judgment must be entered in favor of PennDOT.
*456 In accordance with the foregoing' opinion, we will enter the following
ORDER
And now, December 20, 1990, after hearing oral argument on the within motions for summary judgment, and reviewing the briefs submitted along with the deposition testimony, we hereby order, direct, and decree as follows:
(1) The motion for summary judgment of defendants William K. Daus and Imler’s Poultry is denied.
(2) The motion for summary judgment of defendant David A. Ammerman is denied.
(3) The motion for summary judgment filed by the Commonwealth of Pennsylvania, Department of Transportation is granted.
(4) The District Court Administrator shall schedule a pretrial conference of this matter at the earliest possible date after 30 days.

 The fact that PennDOT may have treated portions of Route 220 south of Snyder Township of is no moment. Liability will not be imposed where PennDOT begins treating a highway and an accident occurs on a portion that has yet to be treated. Plaintiffs’ argument is completely unrealistic and would serve to impose seemingly infinite liability on PennDOT for every accident resulting from snowy and icy roads. Such exception to sovereign immunity is not within the scope or spirit of 42 Pa.C.S. §8522(b).